UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Saadia Mahmoud,                                    Civil No. 05-900 (DWF/FLN)

      Petitioner,

v.                                                 **REPORT AND RECOMMENDATION**

Mark Cangemi, Director, U.S. Immigration &
Customs Enforcement; Michael Chertoff,
Secretary, Department of Homeland Security;
Alberto Gonzales, United States Attorney General,

      Respondents.

_____

Herbert A. Igbanugo, for Petitioner.
D. Gerald Wilhelm, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1]. Petitioner submitted a Supplemental Memorandum in support of her Petition on January 3, 2006. [#19]. Petitioner, whose removal has been ordered, seeks a writ of habeas corpus. She argues that, though she is not in custody, the Immigration and Customs Enforcement Order of Supervision issued against her in May 2005, unlawfully imposes a state of constructive detention pending her removal.[1]

---

[1] In May 2005, this Court issued an Order directing the Respondent to Show Cause as to why Petitioner's Writ should not be granted [#4]. In response, Respondent filed a Motion to Transfer this matter to the United States Court of Appeals for the Eighth Circuit [#5]. On November 14, 2005, this Court issued a Report and Recommendation recommending that a portion of Petitioner's Petition be transferred to the United States Court of Appeals for the Eighth Circuit. Specifically, this Court recommended that the portion of the Petition challenging the final administrative order of removal be transferred to the Eighth Circuit pursuant to section 106 of the REAL ID Act, but that the Court retain jurisdiction over the portion of the Petition that challenges Petitioner's "constructive detention." See Report and Recommendation [#17] pp. 5-8. The District Court adopted the Report and Recommendation on January 19, 2006. See Order [#22]. Thus, only Petitioner's challenge to her "constructive detention" remains before the Court.

Respondent submitted a Memorandum in Response on January 17, 2006. [#20]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Petitioner's Petition be denied.

## I. BACKGROUND

Petitioner, age 31, is a native and citizen of Somalia. (Pet. [#1] at 4). She was admitted to the United States as a Conditional Permanent Resident on November 6, 1994, based on her marriage to a United States Citizen. (Pet. at 5). Her Conditional Residence Status was revoked in February 1997, after she failed to timely file the required Form I-751. On April 21, 1998, the Department of Homeland Security issued a Notice to Appear, charging Petitioner with removability. (Pet. at 10). The immigration court held a final hearing on September 22, 2003, and the Immigration Judge, finding that Petitioner failed to present sufficient evidence indicating her marriage was genuine, ordered her removed to Somalia. (Pet. at 13).

On January 24, 2005, Immigration and Customs Enforcement ("ICE") issued a "bag-and-baggage" letter to Petitioner, which ordered Petitioner to report to a United States Immigration Officer on February 7, 2005, so that ICE could deport her to Somalia. (Pet. at 1-2). Petitioner complied with the order and is now under an Order of Supervision issued by ICE on May 31, 2005. (Pet. at 2; Petitioner's Res. to Motion to Transfer [#16] at 4; Respondent's Supp. Mem. [#20] at Ex. 1). ICE is seeking travel documents for Petitioner and intends to deport her to Somalia. (Pet. at 2).[2]

Petitioner contends that the conditions set forth in the Order of Supervision constitute constructive detention. The Order requires Petitioner to appear in person for identification and for

---

[2] Petitioner has a motion to reopen or reconsider currently pending before the Board of Immigration Appeals, asking the BIA to review the substance of the Immigration Judge's decision. (Pet. at 2). Petitioner has also filed an Application for Temporary Protected Status and a petition under the Violence Against Women Act. See Supp. Mem. [#19] at 3.

deportation or removal whenever requested by ICE[3]; to appear for medical or psychiatric examinations upon the request of ICE; and to provide information under oath about her nationality, circumstances, habits, associations, activities and any other information that ICE considers appropriate. (Respondent's Supp. Mem. [#20] at Ex. 1). The Order prohibits Petitioner from traveling outside of the State of Minnesota for more than 48 hours without notifying ICE of the dates and places of such proposed travel, and requires Petitioner to furnish written notice of any change of residence or employment within 48 hours of the change. (Id.) The Order requires Petitioner to report to the ICE Service Office in Bloomington, Minnesota, on the first working day of each month, and to assist ICE in obtaining any necessary travel documents. (Id.) The Order requires Petitioner to obtain employment authorization prior to gaining employment. (Id.) The Order prohibits Petitioner from associating with any known gang members or with any criminal activity. (Id.) The Order also requires Petitioner to continue to follow any prescribed doctors orders, including continuance of prescription medication, and requires Petitioner to provide ICE with written copies of requests and responses to Embassies or Consulates requesting the issuance of travel documents. Id. Failure to follow the provisions of this Order could result in the revocation of Petitioner's employment authorization document or ICE detention and criminal prosecution. (Id.)

In her habeas corpus Petition, Petitioner claims that the conditions in the Order of Supervision impose an unlawful, constructive detention upon her, and violate her substantive due process rights under the Fifth Amendment Due Process Clause because the detention interferes with rights implicit in the concept of ordered liberty and shocks the conscience. (Pet. Supp. Mem. [#19]

---

[3] Respondent represents that Petitioner is required to telephone the CIS Detention Officer in charge of her case once a month, but that she is no longer required to appear personally. See Resp. Supp. Mem. [#20] at 6.

at 4; Pet. at 16).

## II. LEGAL ANALYSIS

Petitioner relies on Zadvydas v. Davis, 533 U.S. 678 (2001), to support her contention that the conditions of the Order of Supervision impose an unlawful constructive detention upon her. In Zadvydas, the Court analyzed whether the post-removal period provisions 8 U.S.C. § 1231(a)(6)[4] authorized the Attorney General to detain a removable alien indefinitely beyond the 90-day removal period, or only for the period reasonably necessary to secure the alien's removal. The Court held that the statute did not authorize the Government to hold legally admitted, but removable, aliens in custody indefinitely. Rather, the Court held, while a legally admitted alien can be detained during the 90-day "removal period," contemplated by the statute,[5] the alien can be held after that period only for a "reasonable period," which is presumed to be six months, unless the Government can show that there is a "significant likelihood of removal in the reasonably foreseeable future." Id. at 698-701. If an alien can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future," he is eligible for conditional release. Id., at 701; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005) (holding Zadvydas applies to aliens ordered removed who

---

[4] Title 8 U.S.C. § 1231(a)(6) provides, in relevant part, as follows:
"An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the [Secretary] to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)."

[5] See 8 U.S.C. § 1231(a)(1) ("when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')).

are inadmissible).

As Respondent argues, Zadvydas does not stand for the proposition that the Government is without authority to set conditions upon Petitioner's release after the expiration of the six-month period. See Resp. Supp. Mem. [#20] p. 3-4. Rather, the Court in Zadvydas explicitly held that release on conditions is the appropriate alternative to detention: "the choice...is not between imprisonment and the alien 'living at large;'...[i]t is between imprisonment and supervision under release conditions that may not be violated." Id. at 696, citing 8 U.S.C. § 1231(a)(3)[6]; 8 C.F.R. § 241.5.[7]

Other courts have held that the Court's references in Zadvydas to 8 U.S.C. § 1231(a)(3) and

---

[6]
Section 1231(a)(3) provides:
(3) Supervision after 90-day period
If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien--(A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

[7]
8 C.F.R. § 241.5, entitled "Conditions of release after removal period," provides in part:
(a) Order of supervision. An alien released pursuant to § 241.4 shall be released pursuant to an order of supervision.... The order shall specify conditions of supervision including, but not limited to, the following: (1) A requirement that the alien report to a specified officer periodically and provide relevant information under oath as directed; (2) A requirement that the alien continue efforts to obtain a travel document and assist the Service in obtaining a travel document; (3) A requirement that the alien report as directed for a mental or physical examination or examinations as directed by the Service; (4) A requirement that the alien obtain advance approval of travel beyond previously specified times and distances; and (5) A requirement that the alien provide the Service with written notice of any change of address on Form AR-11 within ten days of the change.
(b) Posting of bond. An officer authorized to issue an order of supervision may require the posting of a bond in an amount determined by the officer to be sufficient to ensure compliance with the conditions of the order, including surrender for removal.
(c) Employment authorization. An officer authorized to issue an order of supervision may, in his or her discretion, grant employment authorization to an alien released under an order of supervision if the officer specifically finds that: (1) The alien cannot be removed in a timely manner; or (2) The removal of the alien is impracticable or contrary to public interest.

8 C.F.R. § 241.5 implicitly approve the Government's imposition of conditions upon the alien's release. See Roble v. Pontesso, 90 Fed. Appx. 334, 337 n. 6 (2004) (noting that if alien proves he is entitled to release under Zadvydas, such release would be upon conditions set by the Attorney General pursuant to 8 U.S.C. § 1231(a)(3), and that upon violation of those conditions, the alien would be subject to return to custody); Doan v. Immigration and Naturalization Service, 311 F.3d 1160, 1162 (9th Cir. 2002) (by referencing 8 C.F.R. § 241.5, the Zadvydas court implicitly endorsed bonds as a condition of post-removal period release); see also Farah v. Immigration and Naturalization Services, 02-CV-4725, 2003 WL 221809 (D. Minn.) (Jan. 29, 2003) (court granted habeas petitioner's request for release from custody under reasonable supervised release conditions where petitioner had been in custody for more than a year after his removal order became final).

The Court finds that the Government's imposition of conditions set forth in the Order of Supervision are allowable pursuant to Zadvydas. Zadvydas stands only for the proposition that an alien may not be held indefinitely pending removal. The Court in Zadvydas explicitly envisioned that the alien's release would be conditional. Here, Petitioner has been released from custody pending her removal pursuant to an Order of Supervision. Though the Order imposes certain restrictions and requirements upon Petitioner, Petitioner has provided no law or argument that convinces the Court that the conditions imposed constitute constructive detention in violation of Zadvydas or the Due Process Clause of the Fifth Amendment. The Code of Federal Regulations permits the Attorney General to assign conditions of release in his unfettered discretion. See 8 C.F.R. § 241.5. Having failed to provide any facts from which this Court could determine that her conditions of release violate due process, Petitioner's Petition is insufficient to state a claim for federal habeas relief and should be denied.

## III.  RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DENIED.**

DATED: March 29, 2006          s/ *Franklin L. Noel*
                               FRANKLIN L. NOEL
                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 17, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.